IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:25-cv-130

| | |
|---|---|
| TIFFANY TORRES, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> FAYETTEVILLE STATE UNIVERSITY, ) <br> ) <br> Defendant. ) | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Tiffany Torres ("Ms. Torres"), complaining of Defendant Fayetteville State University ("Defendant"), alleges and says the following:

### INTRODUCTION

1. This action stems from Defendant's unlawful treatment of Ms. Torres, an employee in the Defendant's library, which was done in retaliation for her reports of racial discrimination in the workplace by her white supervisors, Larry Treadwell ("Treadwell"), Director of Library Services, and Jessica Cerri ("Cerri"), Head of Public Services.

2. Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

### JURISDICTION

3. Ms. Torres' claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), N.C. Gen. Stat. § 126-85 (the "North Carolina Whistleblower Act"), and North Carolina common law.

4. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343.

1

5. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

6. Costs and attorney's fees may be awarded pursuant to Title VII, the North Carolina Whistleblower Act, and Fed. R. Civ. P. 54.

7. This Court should assume supplemental jurisdiction of Ms. Torres' state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are based upon the same operative facts as the Title VII claim over which this Court has jurisdiction. Judicial economy, convenience, and fairness to the parties suggest that this Court assume and exercise jurisdiction over the claims alleged herein.

## PARTIES

8. Ms. Torres is a citizen of the United States and a resident of Fayetteville, North Carolina.

9. Ms. Torres is currently employed by Defendant in the Defendant's Charles W. Chesnutt Library.

10. Ms. Torres is currently employed as Defendant's Head of Reference.

11. Defendant is a component of the University of North Carolina, a state institution and government body, established pursuant to the laws of the State of North Carolina.

12. At all times relevant to this Complaint, Ms. Torres was an "employee" as that term is defined by Title VII and the North Carolina Whistleblower Act.

13. At all times relevant to this Complaint, Defendant was an "employer" as the term is defined in Title VII.

## ADMINISTRATIVE HISTORY

2

14. On or about July 19, 2024, Ms. Torres filed an Inquiry (Inquiry No. 433-2024-03338) with the Equal Employment Opportunity Commission ("EEOC"). A copy of the Inquiry is attached hereto as Exhibit A.

15. The EEOC issued a "Determination and Notice of Rights" on December 30, 2024. A copy of the December 30, 2024 Determination and Notice of Rights letter is attached hereto as Exhibit B.

16. This Complaint is being filed within 90 days from the date Ms. Torres received the Determination and Notice of Rights from the EEOC.

17. Ms. Torres has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## FACTS

18. On or about June 20, 2022, Ms. Torres began work as a Work Referenced Librarian at Defendant's Charles W. Chesnutt Library.

19. Ms. Torres is an Afro-Latina woman.

20. At the outset of her employment, Ms. Torres, began noticing disparate treatment of library employees of color compared to white employees.

21. Following her promotion to Head of Reference in 2023, Ms. Torres began speaking out against the disparate and discriminatory treatment of library employees of color and the hostile work environment created by Treadwell and other white library employees.

22. On or about January 8, 2024, Ms. Torres sent an email to Treadwell questioning his assignment of additional tasks to A. Judd, an African American Reference Librarian, which were outside of her job description.

23. In February of 2024, following her January 8, 2024 email to Treadwell about Ms. Judd, Treadwell and Cerri assigned increased tasks to Ms. Torres.

24. At this time, Treadwell and Cerri were aware that Ms. Torres was a witness for multiple employees' discrimination and retaliation cases against Defendant.

25. Upon information and belief, the increased task assignment to Ms. Torres was in direct retaliation to Ms. Torres' January 8, 2024 email to Treadwell and Ms. Torres' involvement as a witness in the aforementioned discrimination and retaliation cases.

26. On or about February 4, 2024, Ms. Torres reported an incident to Human Resources involving a graduate student, Leslie Lewis, whereby Ms. Lewis harassed and berated two LGBTQ+ library staff members.

27. Following her report of the February 4, 2024 incident, Ms. Torres received additional assignments and tasks from Treadwell and Cerri, in direct retaliation for reporting the incident involving Ms. Lewis.

28. In April of 2024, Treadwell and Cerri began assigning additional tasks to African American library Reference Technician, Winette Vann, including but not limited to having Ms. Vann train employees on processing interlibrary loans and covering the circulation desk – tasks that were both outside her job duties.

29. Treadwell and Cerri subsequently assigned additional tasks and assignments to Ms. Torres following her relay of concerns on behalf of Ms. Vann.

30. On or about April 18, 2024, Ms. Torres attended a staff townhall meeting hosted by Chancellor Allison. During the town hall meeting, Ms. Torres spoke up and asked Chancellor Allison what resources were available other than Human Resources and Legal to assist in facilitating a culture of support versus the culture of fear and intimidation on campus.

31. Upon information and belief, Mr. Treadwell and other library staff were in attendance at the April 18, 2024 townhall meeting.

32. On April 22, 2024, Ms. Torres met with Charles Dean regarding her concerns about extra job duties assigned to her and other library employees of color compared to their Caucasian counterparts.

33. In May of 2024, the "Bronco Beat" Staff Senate newsletter was published, including an article that Ms. Torres had written discussing the April 18, 2024 staff townhall meeting.

34. On or about May 7, 2024, Ms. Torres contacted Human Resources concerned that Mr. Treadwell and Ms. Cerri intended on adding additional tasks to Ms. Vann's performance plan that were not within Ms. Vann's job description.

35. On or about June 20, 2024, Ms. Torres attended a meeting with Mr. Treadwell and Ms. Vann in which Mr. Treadwell mistreated and aggressively berated Ms. Vann. Following the meeting, Ms. Torres submitted a formal, written complaint to Human Resources.

36. In July of 2024, Mr. Treadwell removed key library staff from the Reference Desk rotation, increasing the workload of certain library staff of color, including Ms. Torres.

37. In September of 2024, Mr. Treadwell transferred a desired project from Ms. Torres to Cerri.

38. On January 26, 2025, following months of additional assignments and increased workload by Treadwell and Cerri, Ms. Torres submitted another formal complaint via email to Defendant's Human Resources and Legal Departments.

39. Defendant has engaged in other discriminatory and retaliatory actions against Ms. Torres, as will be further revealed through discovery.

40. Defendant continues to engage in discriminatory and retaliatory actions against Ms. Torres.

## COUNT I – RETALIATION

41. Ms. Torres hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. Title VII and the ADEA prohibit retaliation against employees who oppose discrimination prohibited by the statutes.

43. Ms. Torres engaged in protected activity within the meaning of Title VII and the ADEA by reporting Treadwell's discriminatory conduct against African American and older employees under his supervision.

44. At the time of her reports, Ms. Torres was meeting all of her job expectations.

45. Ms. Torres was punished by Defendant in retaliation for her protected activity, including but not limited to subjected to additional tasks, increased workload, and harassment by Defendant.

46. The individual responsible for Defendant's retaliatory action knew of Ms. Torres' protected activity at the time of the retaliation.

47. As a direct and proximate result of Defendant's retaliation, Ms. Torres suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

48. Ms. Torres is entitled to recover her reasonable attorney's fees and costs.

## COUNT II – VIOLATION OF NC WHISTLEBLOWER ACT

49. Ms. Torres hereby realleges and reincorporates by reference the foregoing paragraphs as if fully set forth herein.

50. N.C. Gen. Stat. § 126-84 provides that it is the public policy of this state that state employees shall be encouraged to report verbally or in writing to their supervisor, department head, or other appropriate authority, evidence of activity by a state agency or state employee constituting "a violation of state … law, rule, or regulation."

51. N.C. Gen. Stat. § 126-85 provides that no head of any state department, agency or institution or other State employee exercising supervisory authority shall discharge, threaten or otherwise discriminate against a state employee regarding the state employee's compensation, terms, conditions, location or privileges of employment because the state employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, any activity described in N.C. Gen. Stat. § 126-84, unless the state employee knows or has reason to believe that the report is inaccurate.

52. N.C. Gen. Stat. § 126-85 provides that no state employee shall retaliate against another state employee because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, any activity described in N.C. Gen. Stat. § 126-84.

53. Defendant is a state institution for the purposes of the North Carolina Whistleblower Act.

54. Treadwell, at all relevant times, was a state employee exercising supervisory authority for purposes of the North Carolina Whistleblower Act.

55. Ms. Cerri, at all relevant times, was a state employee exercising supervisory authority for purposes of the North Carolina Whistleblower Act.

56. Ms. Torres' reports to Defendant regarding Treadwell's discriminatory conduct were protected under the North Carolina Whistleblower Act.

57. Treadwell and Cerri retaliated against Ms. Torres because of Ms. Torres' protected activity

58. Treadwell and Cerri's actions, which are attributed to Defendant, constitute willful violations of the North Carolina Whistleblower Act.

59. As a direct and proximate result of Defendant's conduct, Ms. Torres suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

60. The North Carolina Whistleblower Act entitles Ms. Torres to treble damages plus costs and reasonable attorney's fees for Defendant's violations of the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests the following relief:

1. Injunctive relief for reinstatement into a substantially similar position within Fayetteville State University and to enjoin Defendant from future acts in violation of Plaintiff's rights;

2. Plaintiff has and recovers from Defendant for all economic damages in an amount to be proved at trial;

3. Plaintiff has and recovers from Defendant for all non-economic damages in an amount to be proved at trial;

4. Plaintiff has and recovers from Defendant for treble damages in an amount to be determined by the jury;

5. All costs, interest, and expenses, including reasonable attorney's fees, be taxed to the Defendant;

6. All issues of fact herein be tried by a jury;

7. Recovery for pre-judgment and post-judgment interest on all amounts awarded herein; and

8. All other relief which this Court deems just and proper.

This the 10th day of March, 2025.

                              OSBORN GAMBALE BECKLEY & BUDD PLLC

                BY:    /s/ Jordan Nicole Leslie Tenley
                         JORDAN NICOLE LESLIE TENLEY
                         N.C. Bar No. 51787
                         375 Main Avenue NE, Suite #11
                         Hickory, NC 28601
                         jordan@counselcarolina.com
                         919.373.6422
                         Facsimile: 919.578.3733