IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-130-BO-BM

TIFFANY TORRES,                           )
                                          )
              Plaintiff,                   )
                                          )
v.                                        )          O R D E R
                                          )
FAYETTEVILLE STATE UNIVERSITY,            )
                                          )
              Defendant.                   )

This cause comes before the Court defendant's motions to dismiss plaintiff's original and amended complaints. [DE 12]; [DE 20]. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture both motions are ripe for disposition. For the reasons that follow, defendant's motion to dismiss the original complaint is denied as moot and its motion to dismiss the amended complaint is granted in part and denied in part.

BACKGROUND

Plaintiff commenced this action alleging discrimination claims against defendant, her employer. In her amended complaint, plaintiff alleges that she is a current employee in defendant's Charles W. Chesnutt Library (Library). Plaintiff, an Afro-Latina woman, began her employment at the Library in June 2022 as a Work Reference Librarian. Plaintiff was promoted to Head of Reference in 2023, at which time she began to speak out against the disparate and discriminatory treatment of library employees of color. Plaintiff also complained about the hostile work environment created by Lawrence Treadwell, Director of Library Services,[1] and other white library

---

[1] Lawrence Treadwell is identified in the amended complaint as Treadwell. Plaintiff's opposition to the motion to dismiss includes Treadwell's first name and job title. *See* [DE 24].

Case 5:25-cv-00130-BO-BM    Document 26    Filed 03/20/26    Page 1 of 7

employees. Plaintiff alleges that, beginning in January 2024, she contacted Treadwell regarding additional tasks that had been assigned to African American reference staff that were not within the staff members' job description. In response, Treadwell and Jessica Cerri, Head of Public Services, assigned additional tasks to plaintiff. Plaintiff alleges that Treadwell and Cerri also knew that plaintiff was a witness in employment discrimination and retaliation cases against defendant. Plaintiff reported the harassment of two LGBTQ+ librarians by a graduate student to human resources in February 2024 and alleges that she was again given additional assignments and tasks by Treadwell and Cerri in retaliation for making a report to human resources. Plaintiff spoke about her concerns within the Library during an April 2024 staff townhall meeting with the University Chancellor and wrote an article for the school's newsletter about the townhall meeting.

Plaintiff again complained to human resources after witnessing another library employee be berated and mistreated by Treadwell during a meeting in June 2024. Plaintiff alleges that she was again subjected to increased workload, including a project with an untenable and burdensome completion deadline, and that Treadwell also removed key library staff from the reference desk rotation, placing increased workload on certain library staff of color. Plaintiff submitted another formal complaint to human resources and defendant's legal department in January 2025.

Plaintiff alleges two claims for relief in her amended complaint: retaliation in violation of Title VII for engaging in protected activity by reporting Treadwell's discriminatory conduct against African American and older employees and hostile work environment in violation of Title VII due to retaliation. Defendant has moved to dismiss plaintiff's amended complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

2

## DISCUSSION

At the outset, in light of the filing of an amended complaint, defendant's motion to dismiss the original complaint [DE 12] is denied as moot. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (amended pleading renders original of no effect).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v.*

3

*WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Defendant makes the following arguments in support of dismissal of plaintiff's complaint: first, that Title VII does not prohibit employment discrimination based on age; second, that plaintiff has failed to exhaust portions of her claims; third, that most of plaintiff's retaliation claim is untimely; fourth, that plaintiff has failed to plausibly allege any adverse employment action and has thus failed to state a retaliation claim; and fifth, that plaintiff has failed to plausibly allege a claim for hostile work environment. Plaintiff has confirmed in her opposition that she has not brought a claim based on age discrimination and has conceded dismissal of any claim for retaliation related to age by failing to oppose defendant's motion on this issue. *See Kinetic Concepts, Inc. v. ConvaTec, Inc.*, 2010 U.S. Dist. LEXIS 40240 at *29–30 (M.D.N.C. April 23, 2010) (citing various courts' holdings that failing to address an issue concedes it).

The Court next considers defendant's argument that plaintiff has failed to exhaust her administrative remedies regarding conduct that was not addressed in plaintiff's Charge of Discrimination filed with the Equal Opportunity Employment Commission (EEOC).[2] Before filing suit in federal court under Title VII, a plaintiff must first exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC, and "the scope of the plaintiff's right to file a

---

[2] Although defendant has cited to Rules 12(b)(1) and 12(b)(2) in its motion to dismiss, Title VII's exhaustion requirement is not jurisdictional, but rather a mandatory claims processing rule. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 543, 139 S. Ct. 1843, 1846 (2019). The Court considers defendant's exhaustion argument under Rule 12(b)(6). *See Mills v. Inova Health Care Servs.*, No. 23-2318, 2025 U.S. App. LEXIS 298, at *4 (4th Cir. Jan. 7, 2025).

4

federal lawsuit is determined by the [EEOC] charge's contents." *Jones v. Calvert Group, LTD.*, 551 F.3d 297, 300 (4th Cir. 2009) (abrogated on other grounds by *Fort Bend Cty., Texas*, 587 U.S. 541); *see also Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022).

> In determining whether she exhausted her claims, we give [plaintiff] credit for charges stated in her administrative charging document, as well as "charges that would naturally have arisen from an investigation thereof." But when the claims in her court complaint are broader than "the allegation of a discrete act or acts in [the] administrative charge," they are procedurally barred.

*Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (citation omitted). In her EEOC Charge, [DE 21-1], which the Court may consider without converting the 12(b)(6) motion to one for summary judgment, *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016), plaintiff complained about events which took place in June and July 2024. Defendant argues that plaintiff's complaint should therefore be limited to the specific acts about which plaintiff complained in June and July 2024. The Court disagrees. Plaintiff's amended complaint contains allegations based on the same type of discrimination, retaliation due to complaints of disparate treatment based on race, the same sources of discrimination, Treadwell and Cerri, the same department, the Library, and the same general time period. *See Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp. 3d 596, 612 (W.D. Va. 2019). For purposes of a motion to dismiss, plaintiff's allegations in her complaint are reasonably related to those raised in her EEOC charge, and defendant's motion to dismiss based on exhaustion is denied. *See also Mills*, 2025 WL 40550, at *2 (resolution of exhaustion defense at the motion to dismiss stage appropriate in "'relatively rare circumstance[s.]'").

Defendant next argues that some of plaintiff's Title VII claims are untimely. Here, the Court agrees. Title VII requires an aggrieved party to file a charge with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). "If an individual fails to

5

file an administrative charge with the EEOC within one hundred eighty (180) days after an alleged discriminatory act occurs (or three hundred (300) days if the aggrieved person presented the claim to a state deferral agency), then the EEOC charge is not considered timely filed." *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014).[3] Plaintiff filed her EEOC Charge on November 1, 2024. Accordingly, her claims cannot be based on acts which occurred before May 5, 2024. *See Ortiz v. Vance Cnty. Sch., Admin. Unit*, No. 5:18-CV-91-D, 2019 WL 1940596, at *4 (E.D.N.C. Apr. 30, 2019) ("if a party fails to timely file an EEOC charge, the party 'loses the ability to recover for' that claim because the claim is no longer 'actionable.'") (cleaned up, quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 113 (2002)).

Finally, the Court considers defendant's argument that plaintiff has failed to state plausible claims for retaliation and hostile work environment in violation of Title VII. A plaintiff does not need prove a prima facie case of a discrimination claim to survive a motion to dismiss, but she must nonetheless "allege facts to satisfy the elements of a cause of action created by [the] statute[.]" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *see also Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018).

Plaintiff's opposition to the motion to dismiss argues that her hostile work environment claim is not based on her race, as defendant has argued, but that she has alleged a retaliatory hostile work environment claim. *See* [DE 24] at 6-7. "[A] hostile work environment claim based on retaliation must . . . allege that the retaliatory conduct (1) was unwelcome, (2) was sufficiently

---

[3] Plaintiff has not alleged or argued that she instituted proceedings with North Carolina's Office of Administrative Hearings or would otherwise have 300 days to file her EEOC charge. *See* N.C. Gen. Stat. § 7A-759(a); *see also Ortiz v. Vance Cnty. Sch., Admin. Unit*, No. 5:18-CV-91-D, 2019 WL 1940596, at *4 (E.D.N.C. Apr. 30, 2019).

6

severe or pervasive that it would dissuade a reasonable worker from making or supporting a charge of discrimination, and (3) can be attributed to the employer." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 218 (4th Cir. 2022). For her retaliation claim, plaintiff must ultimately prove that (1) that she engaged in protected activity; (2) that her employer took an adverse employment action against her; and (3) that there is a causal nexus between the protected activity and the adverse action. *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). Here, plaintiff has alleged that she engaged in protected activity and that as a result of that protected activity she suffered retaliatory conduct. Whether plaintiff can ultimately prove her claims remains to be seen, but, taking plaintiff's allegations as true, the Court is able to draw the reasonable inference that defendant is liable.

The Court has considered the amended complaint in light of the applicable standards and will not dismiss plaintiff's claims for retaliation and hostile work environment based on retaliation outright. Accordingly, the motion to dismiss is granted in part as to any claim based on age and the time bar but otherwise denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the original complaint [DE 12] is DENIED AS MOOT and defendant's motion to dismiss the amended complaint [DE 20] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this **20** day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7